NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

AUG 2 9 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-CV-498-JMH

RUBEN R. SALINAS                                              PETITIONER

V.                    **MEMORANDUM OPINION AND ORDER**

RON BISHOP, Director                                          RESPONDENT

* * * * *

This matter is before the Court on the motions of the respondent to dismiss or to grant summary judgment [Record No. 9] and the petitioner's renewed motion for release [Record No. 12].

### BACKGOUND

On November 4, 2004, Ruben R. Salinas, an individual incarcerated in the Fayette County Detention Center ("FCDC") in Lexington, Kentucky, submitted the instant *pro se* petition for writ of habeas corpus, purportedly pursuant to 28 U.S.C. Section 2241, and paid the district court filing fee for a habeas action. He named the Director of the FCDC, Ron Bishop, as the respondent and alleged that his continuing pre-trial detention, under the authority of the state courts, is violative of his federal rights (1) under the Eighth Amendment with regard to his treatment and excessive bail; (2) flowing from the Fifth and Fourteenth Amendments' due process and equal protection guarantees; (3) provided in the Fourth Amendment's prohibition against unreasonable searches and seizures; and (4) arising under the Americans with Disabilities Act ("ADA").

Upon screening the petition, the Court summarized Salinas' allegations as follows:

> The petitioner states that on October 5, 1998, he was arrested, and in December of 1999, a jury convicted him of murder and kidnapping. However, in

June of 2002, the conviction and sentence were reversed and remanded. [*Salinas v. Commonwealth*, 84 S.W.3d 913, 918-20 (Ky. 2002), *cert. denied*, 538 U.S. 930 (2003), handed down on June 13, 2002, reveals the details of the crimes and reasons for reversal by Kentucky's highest court, *i.e.*, (1) admission of hearsay evidence; and (2) an incorrect jury instruction on an aggravating circumstance which could be used to impose capital punishment.]

The petitioner alleges that ever since the 2002 reversal of his conviction, he has been held in custodial detention at the FCDC for a re-trial, any release conditioned on a $155,000.00 cash bond or a $310,000.00 property bond. He contends that he first brought an unsuccessful state habeas proceeding for release, described as "Fayette Circuit Court 2003-CI-03686; Court of Appeals 2003-CA-02579; Supreme Court 2004-SC-190; dismissed, overruled, and/or denied him relief from excessive Bail, Due Process, Equal Protection, and American with Disabilities Act violations."

Having now brought his federal claims to every level of the Kentucky courts and alleging that his rights were "subverted by Kentucky's Courts of Justice," the petitioner herein claims that the state court has continued his detention even though the prosecutor has never presented a compelling reason to believe him to pose a risk of flight or a danger to society. He seeks an evidentiary hearing and release from confinement.

Record No. 4. The Court ordered service of the petition on (1) Ron Bishop, Director of the FCDC, and (2) the Attorney General for the Commonwealth of Kentucky. Shortly thereafter, the petitioner brought a motion for release pending the review herein, and the Court denied the motion.

## PARTIES' POSITIONS

The respondent first filed a response [Record No. 7], by Fayette County counsel, addressing only the petitioner's allegations as to the conditions of his confinement, *e.g.*, complaints of assault in his confinement and not having his health needs met.

The respondent argues that habeas corpus is not the proper proceeding for relief from the complained-of conditions; rather, a §2241 petition is only to secure release from an illegal custody, the respondent relying on *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), and its progeny.

2

Therefore, the conditions of confinement claims are not properly before the Court and should be dismissed. As to the legality of his current custody, the respondent attaches the three most recent orders of commitment from the Fayette Circuit Court as proof that he has the legal authority to hold the petitioner.

In a separate pleading and attached memorandum of law [Record Nos. 8 - 9], by the Office of the Attorney General of Kentucky, the respondent addresses the remainder of the petitioner's allegations. He begins by tracing the facts of the crime and the proceedings against Salinas in state court. In *Commonwealth v. Salinas*, Fayette Circuit No. 96-CR-052, the trial court set the $155,000 cash bond prior to the petitioner's trial and the petitioner did not appeal the order. A jury convicted Salinas of kidnaping and murder, and he was sentenced to life without parole. As the petitioner stated, his conviction was reversed on appeal, and the case was remanded for retrial.

While incarcerated pending that re-trial, on September 30, 2003, the petitioner filed a state habeas proceeding, challenging his continued detention and excessive bail, Fayette Circuit No. 03-CI-03686. The following month, the Circuit Court denied the petition on the ground that Petitioner Salinas "is presently incarcerated under lawful orders of commitment." After losing a later motion to reconsider, the petitioner appealed. In 2003-CA-02579-OA, on March 5, 2004, the Kentucky Court of Appeals affirmed the denial of relief; and his later motion for discretionary review by the Supreme Court of Kentucky, case 2004-SC-00190-D, was denied on October 14, 2004, neither appellate court order providing a discussion.

The next month, on November 4, 2004, Salinas filed this action, and on April 25, 2005, the respondent submitted not only his response but also the state court records in the petitioner's state

3

habeas proceeding.[1] The respondent's position is (1) the petitioner has presented only conclusory statements without supporting facts, thus rendering his claim a frivolous one necessitating dismissal. Further, according to the respondent, (2) he has procedurally defaulted by not appealing the bail determination when it was handed down, as state law requires; (3) the petitioner did not exhaust his state court remedies in accordance with state procedural law; and (4) in the alternative, on the merits, the amount of the petitioner's bail was grounded in the facts and the law, and is clearly not unconstitutional under the Eighth Amendment of the U.S. Constitution.

The petitioner's only response has been to file a second motion for release from custody [Record No. 12], again primarily grounded in his alleged innocence and the length of time which has elapsed since he was first incarcerated to await trial.

## DISCUSSION

A *pro se* petition is held to less stringent standards than those drafted by attorneys (*see Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972)). However, under 28 U.S.C. §§2242 and 1915A(b)(1), a federal court has the authority to dismiss a case at any time if the Court determines the action is frivolous, or malicious, or fails to state a claim upon which relief can be granted. This Court finds the latter.

The Court must agree with the respondent that a habeas proceeding, by its very terms, goes to legality of the fact of the petitioner's confinement. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

---

[1]     The state record reveals that the petitioner also pursued another state habeas proceeding., Fayette Circuit No. 03-CI-01229, wherein Salinas, *pro se*, challenged the re-new proceedings on several grounds, from a defective indictment to his purported actual innocence. Again relief was denied by the trial court; the Kentucky Court of Appeals affirmed (No. 2003 CA-01832-MR); and the Supreme Court denied review (No. 2004 SC-00392-D).

4

entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Cohen v. United States,* 593 F.2d 766, 770-71 (6th Cir. 1979); *Preiser v. Rodriguez*, 411 U.S. at 484.

A claim that the petitioner's confinement amounts to cruel and unusual punishment belongs in a civil rights action, which must be filed as such, pursuant to 42 U.S.C. §1983, together with the $250.00 filing fee. Even then it is permissible only after demonstrating exhaustion of the jail's administrative remedies and it must contain allegations of conditions intended to harm the plaintiff. A pretrial detainee is not within the protection of the Eighth Amendment; however, Eighth Amendment rights of prisoners are analogized to those of pretrial detainees under the Fourteenth Amendment to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial. *Horn v. Madison Cty. Fiscal Ct., et al.*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).

In assessing prison conditions, the alleged conditions considered alone or in combination with other conditions must amount to a deprivation of "life's necessities." *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)). Only a defendant's "[w]illful and wanton behavior amounting to deliberate indifference to the rights of a person in custody is sufficient basis for a claim under §1983." *Mackey v. Dyke*, 29 F.3d 1086, 1093 (6th Cir. 1994) (citing *Howard v. Grinage*, 6 F.3d 410 (6th Cir. 1994); *Fagan v. City of Vineland*, 22 F.3d 1296, 1305-06 (3d Cir. 1994)). Such is not presented herein. The instant plaintiff fails to state a constitutional claim.

5

As to all of the claims, the petitioner is informed that when a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient to state a claim. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

In the case *sub judice*, the petitioner merely lists the ADA and various constitutional amendments which are/were purportedly violated with regard to his current custody. He does not, however, supply any facts by which his current court-ordered custody has been transformed to violations of these federal rights. An equal protection claim which is not supported by factual allegations is dismissable as being only conclusory. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971). What portion(s) of the ADA does he claim violated by the jail's director? Where are the alleged facts to show that the petitioner's current custody is not the result of the presumptively valid court orders shown herein but is violative of his Fourth or Fifth Amendment rights? In short, the petitioner has failed to state a claim under 28 U.S.C. §2241, and therefore, his petition must be dismissed.

Further, even had Petitioner Salinas given more details as to improprieties in the proceedings setting the bond amount, his habeas petition would be dismissed under the rationale stated in *Clary v. Wall*, 2002 WL 982388 (D. R.I. 2002) (not reported):

> Here, bail has not been denied. Rather, bail has been set by the state court in the amount of $75,000 for the petitioner. This court will not upset the state court's determination on the appropriateness of that amount, nor substitute our judgment for theirs.

6

*Id.* at *2. *See also Marshall v. Shockley*, 2002 WL 32841652 (D. Md. 2002) (not reported) (citing cases, including *Younger v. Harris*, 401 U.S. 37 (1971)).

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     The respondent's motion to dismiss for failure to state a claim [Record No. 9] is **GRANTED** and the summary judgment motion **DENIED**;

(2)     the petitioner's motion [Record No. 12] for release pending a decision herein is **DENIED,** as mooted by the instant Order;

(3)     Ruben R. Salinas' petition for writ of habeas corpus is **DENIED;**

(4)     this action will be **DISMISSED,** *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This _____29ᵗʰ_____ day of August, 2005.

                                        Joseph M. Hood
                                        JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

7